UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOSEPH DIXON,                         )<br>         Plaintiff,                     )<br>                                              )<br>    vs.                                      )<br>                                              )<br>PERRY COUNTY SHERIFF,     )<br>in his official capacity, and       )<br>PERRY COUNTY COMMISSIONERS, )<br>in their official capacity,          )<br>         Defendants.                  ) | 3:04-cv-121-LJM-WGH |

## ORDER

This matter pends on Defendants', Perry County Sheriff and Perry County Commissioners, Motion to Dismiss and/or Motion for Summary Judgment. Defendants have complied with Southern District of Indiana Local Rule 56.1(h). Plaintiff, Joseph Dixon (Dixon), has not responded to the motion. In addition, Plaintiff failed to appear for a March 14, 2006, telephonic conference with the assigned magistrate judge. Defendants' Motion to Dismiss and/or Motion for Summary Judgment is GRANTED for the reasons set out below.

At the time this case was filed, Dixon was the representative plaintiff in a class action challenging jail conditions at the Perry County Jail. His counsel has since withdrawn and this Court has denied the requested class certification. Dixon's remaining claims stem from five separate grievances he has filed with the jail. Dixon is required to exhaust his administrative remedies before filing suit. The Prison Litigation Reform Act at 42 U.S.C. section 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted.

The Perry County jail had, at all times pertinent to this case, grievance procedures in place. Three of the complaints Dixon asserts in his Complaint are prison condition complaints referring to a period of time after suit was filed. His complaint about poor laundry service, a three-week visitation denial, and his final complaint of unclean jail conditions, etc., are all made after the June 8, 2005, filing date. Thus it cannot be said that his administrative remedies on those issues were exhausted prior to the filing of the suit. Therefore, those complaints are dismissed.

Child visitation and food preparation are the only remaining claims. The child visitation complaint fails on application of *Overton v. Bazzetta*, 539 U.S. 126 (2003). The Supreme Court held that when child visitation limitations bear a rational relationship to maintaining security and protecting children they are valid. The only evidence before the Court in this case is that the visitation limitations do assist in maintaining the security of the jail and do protect the children. The visitation complaint is dismissed. No complaints about the food service are mentioned in the Complaint. That complaint is, therefore, not properly before this Court and is dismissed.

For all these reasons Defendant's Motion to Dismiss and/or for Summary Judgment is GRANTED. Parties to pay their own costs.

IT IS SO ORDERED this 3rd day of May, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

| Distributed via U.S. Postal Service to: | Distributed electronically to: |
|---|---|
| JOSEPH DIXON<br>Spencer County Jail Law Enforcement Cnter<br>120 N. 2nd Street<br>Rockport, IN 47635 | Allyson Rebecca Breeden<br>ZIEMER STAYMAN WEITZEL & SHOULDERS<br>abreeden@zsws.com<br><br>James P. Casey<br>ZIEMER STAYMAN WEITZEL & SHOULDERS<br>JCasey@zsws.com<br><br>Wm Michael Schiff<br>ZIEMER STAYMAN WEITZEL & SHOULDERS<br>MSchiff@zsws.com |